Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3018 | **DATE** | 11/8/2001 |
| **CASE TITLE** | Wade vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants respondent's motion to dismiss the petition (11-1). Judgment is entered in favor of the respondent.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | NOV 15 PM 3:59 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES H. WADE, )
)
      Petitioner, )
)
v. ) Case No. 01 C 3018
)
)
JERRY L. STERNES, )
)
      Respondent. )

DOCKETED
NOV 1 6 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In April 2001, James Wade, an Illinois state prisoner, filed a petition for habeas corpus pursuant to 28 U.S.C. §2254 attacking his 1992 conviction for first-degree murder. Mr. Wade contends his incarceration is unconstitutional because: 1) jurors were allowed to see him in handcuffs and leg irons during trial; 2) he was denied a public trial because his trial was held in a temporary courtroom that lacked enough seats to accommodate his family; 3) he was denied a fair trial because the courtroom contained asbestos which caused the jurors to reach a hasty verdict; 4) his trial counsel was ineffective because he failed to tender instruction on lesser included offenses and his appellate counsel was ineffective for the same reason; 5) the prosecutor made racial remarks, misled the jury about the applicable law and expressed personal opinions; 6) all African-Americans were excused from the voir dire panel; and 7) the Illinois Appellate Court improperly affirmed the denial of a hearing on the petition for post-conviction relief.

Respondent argues that the Court should dismiss the petition as untimely pursuant to 28

1

U.S.C. §2244(d)(1), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Mr. Wade contends that the Court should address his claims on the merits because the doctrine of equitable tolling applies to his case. The Court disagrees with Mr. Wade and therefore dismisses his petition for the reasons that follow.

## Discussion

AEDPA establishes a one-year limit for a prisoner to file a petition for writ of habeas corpus following the conclusion of direct review or the expiration of the time for seeking such review as the starting point for the one-year limit. 28 U.S.C. §2244(d)(1). In Mr. Wade's case, that date is January 5, 1995. However, AEDPA did not become effective unti April 24, 1996. Prisoners whose direct appeals were completed before AEDPA became effective were given one year after the statute's effective date to file their petitions. *See Lindh v. Murphy,* 96 F.3d 856, 865-866 (7th Cir. 1996). Thus §2244(d)(1) gave Mr. Wade until April 24, 1997 to file his petition.

Under AEDPA, the time during which a properly filed application for post-conviction relief is pending is not counted toward the period of limitation. 28 U.S.C. §2244(d)(2). Mr. Wade filed a petition for post-conviction relief on March 29, 1995. The trial court dismissed the petition, Mr. Wade appealed, and the Illinois Appellate Court affirmed the dismissal on June 23, 1997. Thus the time between April 24, 1997 and June 23, 1997 does not count in determining whether Mr. Wade's habeas corpus petition is timely. Mr. Wade did not file a timely petition for leave to appeal (PLA) to the Illinois Supreme Court. On October 2, 2000, he filed a motion seeking permission to file a late PLA, which the Supreme Court denied on November 22, 2000. We will assume for purposes of discussion that the time from October 2 through November 22, 2000 does not count in determining whether Mr. Wade's federal habeas corpus petition is timely.

Mr. Wade's habeas corpus petition was received by the Clerk on April 26, 2001. By that time, over three and one-half years of properly-countable time had run since the due date of April 24, 1997. Mr. Wade contends that this delay excusable because circumstances warrant equitable tolling of the one-year limitation period. Specifically, he claims that he could not file the petition before April 26, 2001, because his chronic heart problems rendered him unable to complete the petition. He claims that he was near death and in dire need of open-heart surgery, and that his heart disease incapacitated him and prevented him from carrying out his legal affairs and rendered him unable to comprehend his legal rights and responsibilities.

Under AEDPA, equitable tolling applies in only extraordinary circumstances beyond the petitioner's control that prevent him from filing his petition for writ of habeas corpus on time. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Though we have no question that Mr. Wade suffered from a serious illness – a circumstance beyond his control – he has failed to offer any specific facts that explain how that illness prevented him from filing his petition until over three and one-half years after the time for filing the petition had run. Though Mr. Wade is in the best position to know and communicate any such circumstances to the Court, he has failed to do so in any of the documents he has filed. Instead, he has stated only conclusions without any details or reasons that might persuade the Court to equitably toll the statute of limitations.

The Court has also reviewed the medical records that Mr. Wade provided along with his response to the motion to dismiss. Those records date to 1993 and early 1996 and do not support a claim that Mr. Wade was in any way unable to pursue his legal remedies during the period relevant to the statute of limitations issue. Indeed, Mr. Wade has also provided a copy of a grievance that he submitted to prison authorities in August 1996, which suggests that his medical condition, though serious, did not preclude him from pursuing legal remedies.

In sum, the fact that Mr. Wade had a serious heart condition by itself does not excuse the delay, and he has provided the Court with no support for his claim that he was disabled in a way that hindered him from pursuing his appeals and from filing his habeas corpus petition in a timely manner. Because Mr. Wade's circumstances do not warrant equitable tolling of the filing period, his petition is untimely.

## Conclusion

For the reasons stated above, the Court grants respondent's motion to dismiss the petition [Docket Item 11-1]. The Clerk is directed to enter judgment in favor of the respondent.

MATTHEW F. KENNELLY
United States District Judge

Date: November 8, 2001

4